UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
SARA A.H.,

                            Plaintiff,          <u>DECISION AND ORDER</u>
                                                            1:23-CV-06176-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
-------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

     In November of 2020, Plaintiff Sara A.H.[1] applied for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the applications.  Plaintiff, represented by The Law Offices of Kenneth Hiller, PLLC, Ida M. Comerford, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7).

     This case was referred to the undersigned on January 26, 2022. Presently pending is Plaintiff's Motion for Judgment on the Pleadings under

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 10). For the following reasons, Plaintiff's motion is due to be denied and this case is dismissed.

## I. BACKGROUND

### A.     Administrative Proceedings

Plaintiff applied for benefits on November 5, 2020, alleging disability beginning May 12, 2018. (T at 39-47, 331-37).[2] Plaintiff's applications were denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on December 20, 2021, before ALJ Michael Stacchini. (T at 48-81). Plaintiff appeared with an attorney and testified. (T at 57-73). The ALJ also received testimony from Robert Baker, a vocational expert. (T at 74-79).

### B.     ALJ's Decision

On January 6, 2022, the ALJ issued a decision denying the applications for benefits. (T at 16-36). The ALJ found that Plaintiff had not engaged in substantial gainful activity since May 12, 2018 (the alleged onset date) and met the insured status requirements of the Social Security Act through June 30, 2023 (the date last insured). (T at 21).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 8.

The ALJ concluded that Plaintiff's polycystic ovarian syndrome (Stein-Leventhal syndrome), congenital heart defect, asthma, cardiac arrhythmia, Chiari malformation, degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, migraine headaches, hearing loss, obesity, and irritable bowel syndrome were severe impairments as defined under the Act. (T at 21).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 23).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she can stand and/or walk for 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday with regular breaks of 15 minutes in the morning and afternoon and a half-hour midday; occasionally climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; and must avoid extreme cold, extreme heat, concentrated exposure to atmospheric conditions, unprotected heights, and hazardous machinery. (T at 24).

The ALJ further found that Plaintiff must be permitted access to a restroom during regular breaks and for up to 5% of the work period and is also limited to moderate sound noise levels, with oral communication being face-to-face. (T at 24).

The ALJ concluded that Plaintiff could not perform her past relevant work as a stock clerk. (T at 29).

However, considering Plaintiff's age (34 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 29). As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between May 12, 2018 (the alleged onset date) and January 6, 2022 (the date of the ALJ's decision). (T at 30-31).

On May 19, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 5-10).

C.   *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on July 18, 2023. (Docket No. 1). On October 19, 2023,

Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 10, 11). The Commissioner interposed a brief in opposition to Plaintiff's motion and in support of the denial of benefits, on November 30, 2023. (Docket No. 14). On December 14, 2023, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 15).

## II.  APPLICABLE LAW

### A.  *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*,

562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted.  *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.   *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner

determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises one main argument in support of her request for reversal of the ALJ's decision.  Plaintiff contends that the ALJ's conclusion that she would require "access to a restroom during regular breaks and for up to 5% of the work period" was not adequately explained and/or supported by substantial evidence.

In support of this argument, Plaintiff relies on *Cosnyka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014).  In that case, the ALJ determined that the claimant would be "off task" six minutes out of every hour during a workday. *Id.*  The Second Circuit held that a highly specific limitation of this type must be "based on the record," rather than being "the result of the ALJ's own surmise." *Id.*

Plaintiff contends that the ALJ's restroom restriction is not supported by the record and is improperly based on the ALJ's "own surmise."

Courts following *Cosnyka* have found reversible error where the ALJ formulated a highly specific RFC restriction "from whole cloth." *See, e.g.,*

*Carol H. v. Comm'r of Soc. Sec.*, No. 19-CV-1247-LJV, 2021 WL 1634736, at *2 (W.D.N.Y. Apr. 27, 2021).

Courts, however, have clarified *Cosnyka* by concluding that a specific restriction may be sustained even if not directly supported by a medical opinion, provided it is otherwise supported by substantial evidence, including, for example, the claimant's testimony and activities of daily living. *See Johnson v. Colvin*, 669 F. App'x 44, 47 (2d Cir. 2016) ("The fact that the ALJ assigned a particular percentage range (0–10%) to illustrate Johnson's limitation does not undermine the fact that the ALJ's finding was supported by substantial evidence."); *see also Jessica L. C. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1913 (WBC), 2022 WL 15523467, at *8 (W.D.N.Y. Oct. 27, 2022); *Andre J. v. Kijakazi*, No. 20-cv-882, 2021 WL 5074719, at *5 (W.D.N.Y. Nov. 2, 2021).

For the following reasons the Court concludes that the restroom restriction formulated by the ALJ in this particular case is supported by substantial evidence.

Plaintiff testified that she would use the restroom about five times a day over the course of a full day (*i.e.*, from 8:00 a.m. to 10:00 p.m.). (T at 69). In April of 2021, Plaintiff described her diarrhea as "mild and associated with stress." (T at 26, 623).

As the ALJ noted, Plaintiff's gastroenterology treatment records, while documenting "complaints of diarrhea, do not reflect any complaints of severe cramping, frequent bathroom use, or trouble with exertional activities …." (T at 28). Plaintiff's activities of daily living included self-care, preparing simple meals, attending to household chores, and regular exercise. (T at 27, 397, 482, 493, 625, 664, 671, 708).

Dr. Michael Healy performed a consultative examination in April of 2021. He noted Plaintiff's history of irritable bowel syndrome, characterized by chronic constipation, diarrhea, and severe flatulence. (T at 670). Dr. Healy assessed mild to moderate limitation with respect to Plaintiff's ability to stand, walk, bend, lift, and climb stairs and opined that she should avoid exposure to respiratory irritants, dust, and smoke. (T at 673). Notably, he did not identify any limitations related to Plaintiff's gastrointestinal issues.

The State Agency review physicians likewise recognized Plaintiff's IBS diagnosis and symptoms but did not conclude there were any work-related restrictions arising from this condition. (T at 92-95, 134-38).

In October of 2021, Dr. Svetlana Korenfeld, Plaintiff's treating gastroenterologist, opined that Plaintiff would have difficulties with prolonged standing and sitting, and "lifting, carrying, or holding objects due to abdominal pain and frequent bathroom use" (T at 713-18). She also

reported that Plaintiff would need to lie down during the day due to frequent abdominal pain and cramping. (T at 715).

The ALJ found Dr. Korenfeld's opinion unpersuasive. (T at 27-28). This conclusion is supported by substantial evidence, including other medical opinions, the treatment record, and Plaintiff's activities of daily living, which, as discussed above, the ALJ reasonably found inconsistent with disabling gastrointestinal symptoms. *See Aguirre v. Saul*, No. 20 Civ. 4648 (GWG), 2021 U.S. Dist. LEXIS 203693, at *20-21 (S.D.N.Y. Oct. 22, 2021) (finding that ALJ "properly concluded" that treating physician's medical opinion "lacked support" from his own treatment notes); 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be.").

In sum, although the ALJ's finding that Plaintiff would need access to a restroom for "up to 5% of the work period" is not directly rooted in a particular medical opinion, the ALJ's conclusion is adequately explained and supported by substantial evidence, including a reasonable reading of the record and reconciliation of the medical opinion evidence.

Moreover, by finding that Plaintiff would need to be permitted to be in the restroom for up to 5% of the workday, the ALJ's RFC determination was arguably more restrictive (and, thus, more favorable to Plaintiff) than what may otherwise be supported by the medical and opinion evidence. As discussed above, the consultative examiner and State Agency review physicians assessed no restroom restrictions and the ALJ reasonably read the record as documenting generally mild, well-managed gastrointestinal symptoms.

This provides an additional basis for affirming the decision. *See Jessica L. C.*, 2022 WL 15523467, at *9 ("The fact that the ALJ afforded Plaintiff the benefit of the doubt and included a 5% off-task time limitation in the RFC assessment is not grounds for remand."); *Byrd v. Saul*, No. 18-CV-01244, 2020 WL 888044, at *4 (W.D.N.Y. Feb. 24, 2020) (rejecting argument that the ALJ improperly assessed a 5% off-task limitation without "tethering" such assessment to any medical evidence); *see also generally Yargeau v. Berryhill*, No. 16-CV-0706, 2018 WL 1335388, *3 (W.D.N.Y. 2018) ("[w]here an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is generally not a basis for remand"); S*horter v, Comm'r*, 2014 WL 1280459, *10 (N.D.N.Y. 2014) ("[i]n light of the other substantial evidence in the record supporting the ALJ's RFC

determination and the fact that the RFC determination is actually more restrictive than [State agency consultant's] assessment, any error in considering this report was harmless"); *Thomas S. v. Comm'r of Soc. Sec.*, 2021 WL 1293105, *4 (W.D.N.Y. April 7, 2021) ("the ALJ did not commit remandable error in making a determination that [p]laintiff would be off-task 5% of the workday where the limitation did not correspond to a specific medical source opinion") (citing *Johnson*, 669 F. App'x at 47 (2d Cir. 2016)).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 10) is DENIED; the Commissioner's denial of benefits is sustained; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.


Dated: March 4, 2024                *s/ Gary R. Jones*
                                    GARY R. JONES
                                    United States Magistrate Judge